**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| **IN RE** | |
| **CAMBRIAN HOLDING COMPANY, INC.**[1] | **CASE NO. 19-51200** |
| **DEBTORS** | **JOINTLY ADMINISTERED** |
| **DIVERSIFIED MIDSTREAM LLC** | **PLAINTIFF** |
| V. | **ADV. NO. 21-5091** |
| **PRISTINE CLEAN ENERGY LLC AND VIRGIE CLEAN MINING LLC** | **DEFENDANTS** |

**MEMORANDUM OPINION**
**GRANTING SUMMARY JUDGMENT**

This matter is before the Court on an uncontested Motion for Summary Judgment filed by the Plaintiff Diversified Midstream LLC. [ECF No. 17.] The relevant facts are undisputed, and the Plaintiff is entitled to judgment as a matter of law.

**I.   Procedural History.**

The Plaintiff commenced this adversary proceeding by filing a Complaint on June 14, 2021. [ECF No. 1.] The dispute involves a Pipeline Relocation Agreement dated December 5, 2008, between Equitable Gathering, LLC, and TECO Coal Corporation (the "Contract"). [ECF No. 1, Ex. A.] The interests of Equitable Gathering, LLC, were transferred to the Plaintiff.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203); Cambrian Coal LLC (3394); Apex Energy, Inc. (3455); C.W. Augering, Inc. (2875); Marshall Resources, Inc. (9735); PLM Holding Company LLC (7427); Bear Branch Coal LLC (0674); Clintwood Elkhorn Mining LLC (6910); Gatliff Coal LLC (5768); Perry County Coal LLC (4382); Ray Coal LLC (0981); Whitaker Coal LLC (8270); Pike-Letcher Land LLC (8952); Premier Elkhorn Coal LLC (8951); Raven Rock Development LLC (1351); Rich Mountain Coal LLC (1974); S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705); and Shelby Resources, LLC (5085).

1

[ECF No. 19 at ¶ 3.]  TECO Coal Corporation became TECO Coal, LLC, a Kentucky limited liability company, and the membership interests were transferred to Cambrian Coal.  [*Id*. at ¶ 4.]  TECO Coal, LLC, then changed its name to PLM Holding Company, LLC, one of the Debtors in the consolidated bankruptcy cases ("PLM Holding").  [*Id*.]

Count I of the Complaint seeks a declaration that the Contract was rejected under § 365(a) and not purchased in the sale.  [ECF No. 1 at ¶¶ 24-26.]  Count II seeks a declaration that the Contract is not a purchased asset because PLM Holding is not party to the relevant transfer documents.  [*Id.* at ¶¶ 27-29.]  If the Contract is deemed a purchased asset, Counts III and IV seek a declaratory judgment that the amounts due to the Plaintiff under the Contract are assumed liabilities and the Defendants breached the Contract.  [*Id.* at ¶¶ 30-34.]

The Defendants filed an Answer contesting the Bankruptcy Court's jurisdiction to hear the dispute.  [ECF No. 14.]  The Defendants generally admit the facts if known, but otherwise contest the conclusions reached.  [*Id*.]

The Plaintiff filed a motion for summary judgment [ECF No. 17], a memorandum in support [ECF No. 18], and the affidavit of Eric Conley [ECF No. 19], seeking summary judgment on all counts.  A scheduling order was entered on October 26, 2021, requiring responses in opposition and supporting documentation by November 4, 2021.  [ECF No. 20.]  The Defendants did not respond, so a hearing is not required.  [*Id.*; *see also* ECF No. 24 (Notice of Uncontested Motion for Summary Judgment filed by the Plaintiff).]

The parties were required to file copies of any exhibits and a joint settlement report by November 9, 2021.  [ECF No. 5.]  The Plaintiff timely filed its exhibits; the Debtor did not file anything.  [ECF No. 23.]  The Plaintiff also filed a proposed settlement report that the Plaintiff's

counsel prepared and shared with the Defendants' counsel. [ECF No. 25.] The filing indicates the Defendants' counsel did not respond to the proposed settlement report. [*Id.*]

II.     **Jurisdiction.**

The bankruptcy court has jurisdiction to resolve this dispute. The Complaint seeks a declaratory judgment that requires interpretation of the Order approving the sale of substantially all the consolidated Debtors' assets in the main case. [Case No. 19-51200, ECF No. 534 ("Sale Order").] Resolution of this dispute also requires interpretation of the Order approving the Debtors' Third Modified Plan of Liquidation entered on February 16, 2021. [*Id.*, ECF No. 1542 ("Confirmation Order").] A bankruptcy court has jurisdiction to interpret its own orders. *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009); *Giese v. Cmty. Tr. Bank, Inc.*, No. CIV. 14- 126-GFVT, 2015 WL 1481618, at *5 (E.D. Ky. Mar. 31, 2015); *see also In re HNRC Dissolution Co.*, Case No. 02-14261, 2018 WL 2970722, at *3 (Bankr. E.D. Ky. June 11, 2018) (bankruptcy courts have "arising-in" jurisdiction to enforce their own orders and finding core jurisdiction over proceeding to enforce sale and confirmation orders).

III.    **Summary Judgment is Appropriate.**

The Plaintiff is entitled to summary judgment if it proves there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a) (incorporated by FED. R. BANKR. P. 7056); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). When presented with a motion for summary judgment, the Defendants cannot rest on the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### A. The Facts are Undisputed.

The facts in the papers are accepted as true and incorporated herein by reference. The Defendants did not respond to the Motion and did not present any evidence to dispute the facts recited by the Plaintiff in the Complaint and affidavit of Eric Conley or file any exhibits for a trial. Also, an independent review of the record in the main case and the documents involved does not contradict any of the assertions made by the Plaintiff. A court may consider the undisputed facts and grant summary judgment if the motion and supporting materials show the request has merit and the opposing party fails to refute the facts presented or provide support for contrary proof. FED. R. CIV. P. 56(e)(2), (3).

### B. The Contract Is Not a Purchased Asset, so Summary Judgment Is Granted on Count II.

The Contract is not a purchased asset because PLM Holding is not a party to the asset purchase agreement. The Sale Order approved a General Assignment and Assumption Agreement and Bill of Sale dated September 22, 2019, between Pristine Clean Energy, LLC, and Premier Elkhorn Coal, LLC, Cambrian Coal LLC, Pike-Letcher Land LLC, S.T. & T. Leasing, Inc., C.W. Augering, Inc. and T.C. Leasing Inc. [Case No. 19-51200, ECF No. 534 ("Pristine APA").] PLM Holding is not a party to the Pristine APA and the agreement does not reference, attach, or allude to the Contract. [*Id.*]

Further, the other sale documents and record do not give any indication that PLM Holding transferred the Contract or any other assets to the Defendants. No arguments suggest any contract term, other agreement, or filing in the record affects this conclusion. Therefore, the Plaintiff is entitled to summary judgment on Count II.

Counts I, III, and IV are moot. It is unnecessary to decide whether the Contract is an executory contract that was rejected under Count I if PLM Holding is not a party to the Pristine APA. Likewise, Counts III and IV depend on a conclusion that the Contract is a purchased asset, and it is not.

IV. **Conclusion.**

Based on the foregoing, it is ORDERED that the Plaintiff's Motion for Summary Judgment [ECF No. 17] is GRANTED as to Count II. A separate Judgment is entered concurrently with this Opinion.

5

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Monday, November 15, 2021**
(grs)